Filed 12/1/15  P. v. Miller CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078966 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042312, CM042417) |
| v. | |
| JEREMY EUGENE MILLER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeremy Eugene Miller has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

Having reviewed the record as required by *Wende*, we order a correction to the abstract of judgment and affirm.

## I. BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On December 12, 2014, a police officer located a vehicle he believed to be stolen, with license plates that did not match the vehicle. Another officer located a second vehicle of the same make, that had license plates belonging to the first vehicle. Officers approached the second vehicle, located defendant in the driver's seat, and ordered him to get out of the car.

Defendant said that he had been paid to install a stereo in the vehicle; however, other than the person's first name, he could not provide any information about who had hired him. A search of the car uncovered several items belonging to the owner of a third stolen car. Defendant was taken into custody, booked at the county jail, and subsequently released.

Defendant was charged in Butte County case No. CM042417 with vehicle theft with a prior conviction for vehicle theft (Veh. Code, §§ 10851, subd. (a), 666.5), and receipt of a stolen vehicle (Veh. Code, § 496d, subd. (a)). As to both counts, it was alleged that defendant had served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On December 28, 2014, police officers responded to a report of two apartments being burglarized. Officers surrounded the apartments in question and observed a male inside one of the units. The resident was contact by phone, and police confirmed that all of the residents were out of town and that no one should be in the apartment. Defendant was found hiding under the bed of the apartment, after having refused to exit upon the officers' commands.

A witness had seen defendant enter the apartments and showed officers which vehicle belonged to him. A set of keys for that vehicle were found where defendant had been hiding. A search of that vehicle uncovered three flat-screen televisions, a glass bong, a small digital scale, multiple keys, screwdrivers, wires, and headphones. The vehicle had been reported stolen.

2

Defendant was charged in Butte County case No. CM042312 with two counts of burglary (Pen. Code, § 459), one count of receipt of a stolen vehicle (Veh. Code, § 496d, subd. (a)), and one count of vehicle theft (Veh. Code, § 10851, subd. (a)). As to all counts, it was alleged that defendant had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

On January 15, 2015, defendant pled no contest to first degree burglary in case No. CM042312, and to receiving a stolen vehicle in case No. CM042417. The remaining charges and enhancements were dismissed with a *Harvey* waiver.[2]

Sentencing took place on March 5, 2015. The trial court sentenced defendant to the upper term of six years for the first degree burglary, and a consecutive eight months (one-third the midterm) for the receipt of the stolen vehicle. The trial court imposed various fines and fees, and awarded defendant 144 days of presentence custody credit.

Defendant filed a timely notice of appeal. His request for a certificate of probable cause was denied. (Pen. Code, § 1237.5.)

## II. DISCUSSION

In our review of the record, we found one omission in the abstract of judgment that requires correction. The trial court ordered victim restitution to Robert Blethen in the amount of $3,130.92, interest to accrue from the date of sentencing. That victim restitution was omitted from the abstract of judgment. Accordingly, we shall direct the trial court to prepare a corrected abstract of judgment reflecting the victim restitution as ordered. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

3

## III.  DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment reflecting the victim restitution to Robert Blethen in the amount of $3,130.92, interest to accrue from the date of sentencing, ordered in case No. CM042312, and forward a certified copy thereof to the Department of Corrections and Rehabilitation.


/S/

_____
RENNER, J.


We concur:


/S/

_____
RAYE, P. J.


/S/

_____
HOCH, J.